[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-10150
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JULY 8, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:04-cv-22431-JEM

FEDERAL TRADE COMMISSION,

Plaintiff-Appellee,

versus

AMERICAN ENTERTAINMENT DISTRIBUTORS, INC., et al.,

Defendants,

MIRIAM ANDREONI SMOLYANSKI,, as personal
representative of the Estate of Anthony Rocco Andreoni,

Defendant-Appellant,

DAVID SHOMERS, et al.,

Third Party Plaintiffs.
_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(July 8, 2011)

Before HULL, PRYOR and COX, Circuit Judges.

PER CURIAM:

The Federal Trade Commission ("FTC") filed this enforcement action against ten defendants. The complaint charges that the defendants deceptively promoted video rental machines as business opportunities, thereby violating § 5 of the Federal Trade Commission Act, 15 U.S.C. § 45(a), and various provisions of the Franchise Rule, 16 C.F.R. § 436. All claims have been resolved except those still pending against the Estate of Anthony Rocco Andreoni.[1]

The Defendant Miriam Sophia Andreoni ("Andreoni") and the FTC negotiated a settlement over the course of a year and a half. The FTC and Andreoni then signed a stipulated order and jointly moved the district court for entry of a final order and permanent injunction. (Dkt. 288-1, Proposed Stipulated Order at 20; Dkt. 288, Motion to Approve Consent Judgments.)

Three weeks after moving the court to approve this settlement, Andreoni moved to withdraw her consent. (Dkt. 291, Motion to Withdraw Consent.) Noting that the court had not yet approved the settlement, Andreoni's motion asserted that, after "extensive deliberation and consideration," she now wished to withdraw her consent. (*Id.* at 1-2.) The court, after "carefully scrutiniz[ing]" the proposed final order, denied Andreoni's motion to withdraw her consent, finding that "Andreoni

---

[1]This case proceeds after certification under Fed. R. Civ. P. 54(b).

freely consented to and signed the agreement," and that the agreement was "fair, reasonable, and adequate, and that it serves the public interest." (Dkt. 297, Order.) Andreoni appeals.

Both parties agree that this settlement agreement required court approval because it involved a consent judgment and an injunction. Andreoni contends that whether a settlement agreement is a valid contract is determined by reference to state substantive law–in this case Florida law. We agree that whether the settlement agreement was a valid contract is determined by the substantive law of contracts of the forum state. But, whether a settlement agreement, tested under state law, has been accepted by a federal court and properly incorporated into a valid and enforceable judgment is purely a question of federal procedural law. *White Farm Equip. Co. v. Kupcho*, 792 F.2d 526, 529 (5th Cir. 1986).

Andreoni contends that, under Florida's substantive contract law, the court was not authorized to enter a consent judgment after she withdrew her consent prior to court approval of the settlement agreement. We need not decide whether Andreoni correctly characterizes Florida law because, as we have said, the court's authority to enter a consent judgment is a question of federal procedural law. And, under federal law a court may not reject a proposed consent judgment solely because one of the parties to a settlement no longer wishes to honor the agreement. *Stovall v. City of*

*Cocoa, Fla.*, 117 F.3d 1238, 1242 (11th Cir. 1997) (holding that, where a party had agreed to the entry of a consent decree but moved to withdraw its consent before entry of the decree, a district court was "not free to reject [a] consent decree solely because [a party] no longer wished to honor its agreement."); *Allen v. Ala. State Bd. of Educ.*, 816 F.2d 575, 577 (11th Cir. 1987) (reinstating consent decree, after one party sought to withdraw from it, because the settlement agreement was binding upon the parties).[2]

Andreoni's motion to withdraw consent did not suggest–much less allege–that she did not freely consent to and sign the settlement agreement. And the court found that she did. Her wish to withdraw consent, therefore, was no ground for the district court to reject the agreement.

Andreoni also presents a number of other arguments, but none of them were adequately presented to the district court. They were raised for the first time on appeal. We generally do not consider arguments made for the first time on appeal, and we decline to do so here. *Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla.*, 630 F.3d 1346, 1358 (11th Cir. 2011) (citation omitted).

---

[2]Andreoni argues, without citation to authority, that this case should be treated differently than other settlement agreement cases because the parties are not both private litigants. We find no compelling reasons to distinguish our precedent on these grounds.

Finally, Andreoni contends that the district court should have held an evidentiary hearing before entering the stipulated judgment and injunction. The cases cited in support of this contention, however, are distinguishable. They involve actions where the court was required to consider the interests of third parties to be sure they were not unfairly prejudiced by consent judgments or decrees. No such fairness concerns are present here. And, neither party requested an evidentiary hearing. Failure to hold a hearing under these circumstances was not an abuse of discretion.

AFFIRMED.